UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DILLAFROZ SHAVKATOVNA TULAYEVA,<br>              Plaintiff,<br>v.<br>SANTANDER CONSUMER USA INC.; and EXPERIAN INFORMATION SOLUTIONS, INC.<br>              Defendants. | Case No.: 1:19-cv-2105<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. §227;<br>2. FCRA, 15 U.S.C. §1681 et seq.<br>3. NY GBL §349. |

Plaintiff Dillafroz Shavkatovna Tulayeva ("Plaintiff"), through her attorneys, alleges the following against Santander Consumer USA Inc. ("Santander"); and Experian Information Solutions, Inc. ("Experian"; collectively "Defendants"):

## INTRODUCTION

Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, against Santander and its agents for making collection calls without Plaintiff's consent and using an automatic telephone dialing system and/or prerecorded messages. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

Count II of Plaintiff's Complaint is based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 *et seq.*, against Santander and Experian and their agents for its unlawful reporting of inaccurate information on Plaintiff's credit report.

Count III is based upon New York Deceptive Acts and Practices ("NYDAP"), General Business Law §349. NYDAP prohibits acts and practices that are consumer-oriented; are misleading in a material way; and cause a consumer to suffer injury as a result of the deceptive act or practice.

## JURISDICTION AND VENUE

1. Jurisdiction of the court arises under 28 U.S.C. §1331, 47 U.S.C. §227, 15 U.S.C. §1681p, and 28 U.S.C. §1367(a).

2. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

3. Defendants transact business in the State of New York; therefore, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person residing in New York.

5. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant Santander's principal place of business is located at 1601 Elm Street, Suite 800, Dallas, TX, 75201 and its registered agent is CT Corporation System, located at 28 Liberty St., New York, NY, 10005.

7. Defendant Experian is a "credit reporting agency", as defined under 15 U.S.C. 1681a(f), with its principal place of business located at Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. In or around November of 2012, Plaintiff financed the purchase of a used car with Santander.

9. Thereafter, Plaintiff began experiencing financial difficulties.

10. On or about February 1, 2016, Plaintiff filed a petition for bankruptcy under Chapter 7. (Bankr. E.D.N.Y. 1-16-40423-ess.)

11. On or about May 6, 2016, Plaintiff was discharged in bankruptcy. (Bankr. E.D.N.Y. 1-16-40423-ess.m, Doc. 14.)

12. In or around 2016, Plaintiff returned the car she had financed with Santander.

13. Despite having been discharged in bankruptcy and having returned her car to Santander, Santander began placing calls to Plaintiff's cellular phone number ending in 4845 in an attempt to collect Plaintiff's debt.

14. Upon information and belief, Defendant Santander called Plaintiff using the number (888) 222-4227.

15. Upon information and belief, that number is owned or operated by Santander.

16. Upon information and belief, Santander never had consent to call Plaintiff using an automatic dialing system and/or prerecorded messages.

17. Additionally, Santander did not have consent to call Plaintiff because Plaintiff's debt was discharged in bankruptcy and she had returned the car, therefore Plaintiff's consent was terminated by the bankruptcy discharge and/or Santander's

collection calls were not made within the scope of any prior consent.

18. Despite not having consent to call Plaintiff, Plaintiff still asked Santander's representatives to stop calling her several times.

19. Santander continues to ignore Plaintiff's requests and calls Plaintiff virtually every day continuing through the filing of this Complaint.

20. Santander has called Plaintiff in violation of the TCPA hundreds of times.

21. On or about February 8, 2019 Plaintiff answered a call from Santander and explained to the representative that she had filed for bankruptcy and told the representative that they should not be calling her; nevertheless, the collection calls continue.

22. Santander calls Plaintiff using an automatic dialing system and has left prerecorded messages on her cellular phone. Also, messages left on Plaintiff's cellular phone by Santander are of the exact same length: 37 seconds.

23. Santander placed calls to Plaintiff in a manner to predict the times she was available to answer her cellular phone, indicating the use of a predictive dialer. After receiving calls at seemingly random times, the calls became more consistent at certain times of the day.

24. Santander is familiar with the TCPA.

25. As a result of Santander's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain, and anguish.

26. Each and every one of Santander's telephone calls caused Plaintiff

distraction, temporary loss of use of her telephone line, annoyance and embarrassment.

27. Plaintiff also keeps her cellular phone with her and on at all times to be reachable by family members in case of need or emergency.

28. Santander's incessant calling occupied Plaintiff's phone line so that Plaintiff could not receive calls.

29. Santander's calls interrupted Plaintiff's work and daily activities, by causing her to have to stop what she was doing to pick up her phone, check the number that was calling was not of a known work related caller, or of a family member, and silence the ringer, all of which caused a distraction to Plaintiff and alerted the people around her to the fact that Plaintiff was receiving constant phone calls.

30. Santander's conduct induced stress, anxiety, and embarrassment.

31. In or around 2017, Plaintiff obtained a copy of her credit report from Experian. In that report, Plaintiff discovered that Experian was inaccurately reporting her Santander account. Specifically, Experian reports that, as of September 30, 2018, Plaintiff's account was charged off on May 1, 2016 with a past due amount of $28,063, and that Plaintiff has "failed to pay" consistently since May of 2016.

32. Experian's reporting is inaccurate because Plaintiff's account was incurred into before she filed her petition for bankruptcy.

33. Experian has been reporting Plaintiff's bankruptcy. Therefore, Experian had notice of Plaintiff's bankruptcy.

34. On or around November 6, 2018, Plaintiff sent a letter to Experian disputing the reporting of her Santander account. On her letter, Plaintiff included her full name,

social security number, date of birth, and address.

35. Upon information and belief, Experian forwarded Plaintiff's dispute to Santander as required under 15 U.S.C. §1681i(a)(2).

36. Despite having all of Plaintiff's personal information, on or about November 17, 2018, Experian sent a letter to Plaintiff requesting proof from Plaintiff and refusing to correct her credit report.

37. On or about January 11, 2019, Plaintiff sent another letter to Experian disputing the Santander account and including a copy of the relevant page from her credit report and the docket sheet for her bankruptcy case and demanded her credit report be fixed.

38. Upon information and belief, Experian forwarded Plaintiff's dispute to Santander as required under 15 U.S.C. §1681i(a)(2).

39. On or about February 7, 2019, Plaintiff obtained a credit report. In that report Experian was no longer reporting the Santander account.

40. Experian's reporting of the above information is patently inaccurate because the Santander account was incurred into before Plaintiff filed her petition for bankruptcy.

41. Experian knew or had reason to know that the reporting was inaccurate because Experian was also reporting Plaintiff's bankruptcy.

42. As a result of Experian's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

43. The inaccurate reporting by Experian has caused Plaintiff's credit file to be

-6/14-

*Tulayeva v. Santander Consumer USA, Inc., et al.*
Complaint

damaged by a large debt that was discharged as a matter of law.

44. Plaintiff has also suffered damages in the form of having no access to credit. Specifically, Plaintiff was denied a credit card from Chase Bank on October 24, 2018.

45. Santander is familiar with the NYDAP.

46. Even after Plaintiff was discharged in bankruptcy and had returned the car to Santander, Santander has been sending Plaintiff written communications attempting to collect from Plaintiff.

47. Upon information and belief, Santander regularly and as a matter of practice attempts to collect debts owed by consumers residing in New York, despite the debt having been discharged in bankruptcy, and/or without adequate documentary basis, and/or rejecting consumers' evidence that the debt is not owed or otherwise collectible, and/or without adequate investigation as to whether the debt has run the applicable statute of limitations.

48. Santander's deceptive conduct has the potential to induce consumers, by convincing them that they owe a collectible debt, or consumers who have not retained proof of payment or other evidence that the debt is not collectible, to pay uncollectible or already satisfied debts or pay amounts smaller than the full balance that would restart the applicable statute of limitations, among other.

49. Santander's acts also have the potential to induce, and in fact did induce Plaintiff, further stress, anxiety, embarrassment, aggravation, frustration, and confusion, by repeatedly and continuously asserting that the consumers owe a debt that is in fact uncollectible or has already been satisfied.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227 against Santander

50. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

51. Santander violated the TCPA. Santander's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Santander violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions Santander willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and, as such, Santander knowingly and/or willfully violated the TCPA.

52. Santander willfully and knowingly violated the TCPA.

53. As a result of Santander's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every

violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Santander knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

54. Santander is also liable to Plaintiff for declaratory judgment that their conduct violated the TCPA.

## COUNT II

**Violations of the FCRA, 15 U.S.C. §1681 *et seq.* against Santander and Experian**

55. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56. The FCRA requires a credit reporting agency, either after receiving notice that a consumer disputes information that is being reported by a furnisher, to conduct a reasonable investigation with respect to the disputed information.

57. Experian failed to conduct a reasonable investigation under 15 U.S.C. §1681i.

58. Experian failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

59. Experian violated 15 U.S.C. §§1681n and 1681o of the FCRA by engaging in the following conduct that violates §1681s-2(a), (b):

    c. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   d. Willfully and negligently failing to review all relevant information concerning Plaintiff's file;

   e. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   f. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff; and

   g. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the other credit reporting agencies.

60. Experian failed to conduct a reasonable investigation following receipt of two disputes, and even after having knowledge that the debt disputed was incurred pre-petition.

61. The FCRA requires furnishers such as Santander, either after receiving notice directly from the consumer or from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information. The investigation involves (a) reviewing all relevant information, (b) reporting the results of the investigation to the credit reporting agency, and (c) if the investigation reveals that the information is incomplete or inaccurate, reporting those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

62. Santander failed to conduct a reasonable investigation following receipt of Plaintiff's indirect dispute under 15 U.S.C. §1681i(a)(2) dated on or about November 6, 2018.

63. Santander has willfully provided inaccurate information to Experian.

64. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants' are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. §1681n.

65. As a result of the above-described violations Plaintiff has sustained damages including loss of the opportunities to obtain credit or better credit conditions, emotional distress, and mental and physical pain.

66. Defendants' violation of the FCRA was willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## COUNT III

### Violations of the New York Deceptive Acts and Practices ("NYDAP")

### General Business Law §349 against Santander

67. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

68. Defendant Santander violated NYDAP. Defendant Santander's violations include, but are not limited to the following:

    a. Defendant Santander willfully and/or recklessly and/or knowingly was

attempting to collect uncollectible debts from consumers in New York, notwithstanding that their debts are uncollectible, past the statute of limitations, satisfied, or were discharged in bankruptcy or never owed.

b. Defendant Santander willfully and/or recklessly and/or knowingly sought to collect a debt from Plaintiff, notwithstanding Plaintiff having been discharged in bankruptcy and having returned the encumbered car.

c. Defendant Santander's acts were materially deceptive because they were attempting to collect on debts that are uncollectible.

d. Defendant Santander's acts were materially deceptive because they were attempting to collect from Plaintiff when Plaintiff did not owe anything to Santander.

69. Defendant Santander's violations of NYDAP knowingly caused Plaintiff stress, anxiety, embarrassment, aggravation, frustration, headaches and sleeplessness.

70. As a result of Defendant Santander's violations of General Business Law §349, Plaintiff is entitled to an award of compensatory damages or $50 in statutory damages. If the Court finds that Defendant Santander knowingly and/or willfully violated §349, the Court may increase the award to $1,000.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dillafroz Shavkatovna Tulayeva respectfully requests

...
...
...

judgment be entered against Defendants for the following:

A. Declaratory judgment that Santander violated the TCPA;

B. Statutory damages against Santander pursuant to 47 U.S.C. §§227(b)(3)(B), (C);

C. Declaratory judgment that Santander and Experian violated the FCRA;

D. Actual damages against Santander and Experian pursuant to 15 U.S.C. §1681n(a);

E. Statutory damages against Santander and Experian pursuant to 15 U.S.C. §1681n(a)(1)(A);

F. Punitive damages against Santander and Experian pursuant to 15 U.S.C. §1681n(a)(2);

G. Costs and reasonable attorney's fees against Santander and Experian pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

H. Declaratory judgment that Santander violated the NYDAP;

I. Compensatory damages of between $50 and $1,000 under GBL §349;

J. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

K. Any other relief that this Court deems appropriate.

//

//

Respectfully submitted this 7th day of March 2019.

*/s/ Daniel C. Cohen*
Daniel C. Cohen, NY #5481460
COHEN & MIZRAHI, LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
T: (929) 475-4175
F: (929) 475-4195
E: dan@cml.legal
*Attorneys for Plaintiff*
*Dillafroz Shavkatovna Tulayeva*